UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------
                                              :
HAKEEM SULTAANA,                              :    CASE NO. 1:18CV67
                                              :
    Plaintiff,                               :
                                              :
vs.                                           :    OPINON & ORDER
                                              :
ERIKA CUNLIFFE, *et al.*,                     :
                                              :
    Defendants.                              :
                                              :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* Plaintiff Hakeem Sultaana, a prisoner in an Ohio correctional institution, has filed this civil action against Erika Cunliffe and Cullen Sweeney, both attorneys in the Cleveland Public Defenders Office who were appointed to represent the plaintiff on appeal in his state criminal case, and Kelley A. Sweeney, an "interim" Clerk of Court in the Cuyahoga County Court of Common Pleas. (Doc. No. 1.)

The plaintiff's alleged basis for federal jurisdiction in the case is that the defendants violated his constitutional rights to "due process and counsel" in violation of 42 U.S.C. § 1983 in connection with the handling of the jury verdict forms in his state criminal trial. (*Id.* at p. 2.) He claims the original jury verdict forms from his trial were lost by the state court judge, and that he objected to the scanned versions that were provided for purposes of his appeal. He asserts violations of his constitutional rights against the defendants under § 1983, as well as state-law claims for fraud, civil conspiracy, negligent misrepresentation, legal malpractice, intentional infliction of emotional distress, and gross negligence. (*Id.*) The only relief the plaintiff seeks is monetary damages. (*Id.* at p. 17, ¶ 73.)

Case No. 1:18CV67
Gwin, J.

In addition to his complaint, the plaintiff has filed a number of motions: a motion for the issuance of a subpoena to Eighth District Court of Appeals Administrative Judge Mary Boyle (Doc. No. 9); a motion to issue a subpoena to Cuyahoga County Court of Common Pleas Judge Peter Corrigan (Doc. No. 11); two motions for default judgment (Doc. Nos. 12, and 19); and a motion to strike the defendants' answer and opposition to his motion for default judgment (Doc. No. 21). The defendants have filed an answer and a motion to consolidate the case with a 2015 civil case the plaintiff previously filed against different defendants. (Doc. No. 7.)

For the reasons stated below, the plaintiff's federal claims in this case are all summarily dismissed, the state-law claims are dismissed without prejudice, and the parties' pending motions are denied as moot.

**Analysis**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 393 (6th Cir. 2011), federal district courts are required under 28 U.S.C. § 1915A to screen all complaints in which a prisoner seeks redress from governmental entities and employees, and to *sua sponte* dismiss any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds that the plaintiff's federal claims must all be summarily dismissed in accordance with § 1915A.

It is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of their judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (finding court clerk immune). The

-2-

Case No. 1:18CV67
Gwin, J.

plaintiff cannot sue Defendant Sweeney for damages under § 1983 because his allegations against her clearly pertain to her performance of quasi-judicial duties in connection with his state criminal case for which she is absolutely immune from a damages suit.

It is also firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, is not a state actor who may be sued for constitutional violations under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009). Therefore, the plaintiff has no cognizable damages claim under § 1983 against his court-appointed defense lawyers, Defendants Cunliffe and Sweeney.

There being no viable federal claim in the case, the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state-law claims and will dismiss those claims without prejudice. *See Anderson v. Dickson*, 715 F. App'x 48 (6th Cir. 2017) (affirming dismissal of state-law claims without prejudice after dismissal of federal claims). The plaintiff's state-law claims, if they exist, implicate state criminal practice and state-court procedure and are better resolved by the Ohio courts. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

**Conclusion**

For the reasons stated above, the plaintiff's federal claims in this case are summarily dismissed pursuant to 28 U.S.C. § 1915A, his state-law claims are dismissed without prejudice, and the parties' remaining pending motions are all denied as moot. The Court further certifies,

Case No. 1:18CV67
Gwin, J.

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: May 9, 2018                          *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE